Date signed December 11, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ROBERT F. ROOD, IV | : | Case No. 08-17199PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GARY A. ROSEN, Chapter 7 Trustee, et al. | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 09-0188PM |
| | : | |
| ROBERT F. ROOD, IV, et al. | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is back before the court on the Plaintiffs' Emergency Motion to Enforce Order Granting Motion for Preliminary Injunction and to Hold Defendant Robert Rood, IV in Civil Contempt, and for other relief, filed by Gary A. Rosen, Chapter 7 Trustee, and the estate's principal creditor, the Southern Management Corporation Retirement Trust ("SMCRT"), the holder of a non-dischargeable judgment against the Debtor in the sum of $13,876,353.47. The facts are not seriously disputed. This case deals with the alleged violation of an Order granting a Motion for Preliminary Injunction entered September 8, 2008 (D.E. #172), that provided in pertinent part that the Defendants were "preliminarily enjoined, together with each of their

agents or representatives acting for them, directly or indirectly, from taking any action or making any transfers of any property or assets or engaging in any financial or business transactions pending further Order of the Court." And further, the enjoined Defendants were prohibited from "directly or indirectly transferring or receiving any money or property or engaging in any business transaction." The Order further provided that the enjoined Defendants could seek such relief from the provisions thereof "by filing a Motion seeking such relief and specifying circumstances requiring such relief." While the Defendant Kore Holdings, Inc., together with its wholly owned subsidiaries, and the individual Defendant Charles Timothy Jewell filed timely motions to reconsider the issuance of the injunction and a timely appeal from the denial of such motion, no such action was taken by the Defendant Robert F. Rood, IV.[1]

      Debtor was not represented by counsel at the contempt hearing. However, he acknowledged in his testimony at the hearing that, from time to time, he has sought advice from attorneys Michael Lawler, Michael S. Fried, Barry Helfand, and Richard G. Solomon concerning his actions with respect to the injunction. Debtor's dilemma involved an Alford plea that he made in the case of *State of Maryland v. Robert Rood IV*, Criminal No. 111718, in the Circuit Court for Montgomery County. Under the terms of the plea agreement, if he paid $205,000.00 in restitution before the sentencing date, there would be a cap of executed incarceration. Debtor was fully aware of the injunctive Order, as demonstrated during an oral examination of Debtor conducted October 14, 2009, before the court in connection with a Motion to Compel. Debtor's counsel stated, "If he doesn't pay [$205,000.00], then he goes to jail. Correct. If he does pay it,

---

[1] From time to time, the Plaintiffs, and possibly the court, have referred to the Debtor as a convicted felon. That reference is incorrect. The offense for which the Debtor pleaded guilty was fraudulent misappropriation by a fiduciary, MD. CODE ANN., CRIM. LAW, § 7-113 (2002). Section 7-113(b) provides: "*Penalty*. - A person who violates this section is guilty of the misdemeanor of embezzlement and on conviction is subject to imprisonment for not less than one year and not exceeding five years." Under the Common Law, there was a dramatic difference between the conviction of a felony and a misdemeanor. *Blackstone's Commentaries on the Laws of England*, Book IV, Chapter VII, states: **"Definition of felony reiterated**. It is an offence, which occasions a total forfeiture of goods or lands, or both, at the common law, and to which capital or other punishment may be super-added, according to the degree of guilt." Under the former federal Criminal Code, all offenses punishable by death or imprisonment for more than one year were felonies. *Adams v. United States ex rel. McCann*, 317 U.S. 269, 272 n.2 (1942) ("Felony, it may be not irrelevant to note, is a verbal survival which has been emptied of its historic content."). *See also Sumrall v. State of Md. Cent. Collection Unit*, 819 A.2d 1149, 1152-54 (Md. App. 2003).

he's in violation of this Court's order"[2] (Exhibit 5, Transcript of Oral Examination, 56).  Further evidence of his familiarity with the injunction's restraints is contained in a letter from Barry H. Helfand, Debtor's attorney in the criminal case, to Paul Sweeney, Esquire, dated October 13, 2009, wherein Mr. Helfand states, "Absent an order directing Mr. Rood not to make restitution, he shall go forward and still try to comply with the orders you sent me" (Exhibit 4).

Finally, in his opposition to the Motion, Debtor states, "[t]he trustee has filed a motion seeking to hold the defendant, Robert Rood, IV, in contempt because he borrowed the money from a relative in order to pay the criminal restitution.  The Debtor's intent to pay this restitution was evident on its face upon entering into an Alford plea."  Notwithstanding the Order of this court, Debtor borrowed $205,000.00 from Carol Raskin and Victor Raskin and executed the promissory note received into evidence as Exhibit 6.  He did so knowingly in violation of the terms of the Order without even attempting to seek relief from the provisions of the injunction and make the necessary disclosures.  Whether this action was taken with or without the advice of the various lawyers he consulted is of no importance.  The fact remains that he did act in knowing violation of the court's Order.  Debtor's action was unlawful, although not in violation of statutory or common law.  There is no point to finding the Debtor in civil contempt.  As explained in the course of the hearing, the Debtor is "civil contempt proof."  The court finds no action that could be taken to coerce the Debtor to undo what he has done.  For that reason, the court will issue a Certificate of Criminal Contempt.

cc:     Plaintiffs
        Plaintiffs' Counsel
        Defendants
        Defendants' Counsel
        United States Trustee

**End of Memorandum**

---

[2]This is incorrect.  It is only if he obtained the money to pay the restitution sub rosa that he faced further punishment.